Andrea K. George
Federal Defenders of Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:15-CR-011-TOR |
|---|---|
| Plaintiff, | |
| vs. | Motion to Suppress Evidence and Supporting Memorandum |
| MICHAEL CURTIS PAINTER, | |
| Defendant. | |

Michael Curtis Painter, through counsel, moves the Court to suppress evidence seized during the search of the car Mr. Painter was driving as obtained in violation of the Fourth Amendment.

**Factual summary**

On December 3, 2013, at approximately 7:24 p.m., Corporal Oien of the Spokane Police Department, saw a car drive through a stop sign without stopping. Corporal Oien followed the car and eventually activated his squad lights. The car did not stop, but rather crossed to lanes and continued to accelerate through a red light and pulled into the

Motion to suppress evidence
and supporting memorandum            1

Jack in the Box parking lot and back out again.  Corporal Oien activated his siren and began to pursue the car.  The car drove over the curb and onto the sidewalk and back on the road before being struck by a westbound truck.  The impact caused the car to strike the Army Surplus Store and come to a stop.   (BS 00000013-14)

Once backup arrived, Corporal Oien ordered the individual out of the passenger door and he was promptly arrested for attempting to elude a police officer and handcuffed.  Officer Flynn searched the individual. He was then seated on the sidewalk and attended to by medics.  (BS 00000014, 16)

Officer Flynn then approached the Dodge Stratus with the intent to search the glove box for registration paperwork.  He observed that the air bag had deflated.  He entered the car, lifted the air bag and saw the handle of a firearm inside the open glove box near a bag of green leafy substance.  He notified Corporal Oien of his find.  (BS 00000016)

The driver of the car was identified as Michael Painter, an eleven-time convicted felon.   (BS 00000016).

On December 4, 2013, Officer Anderson applied for and obtained a search warrant based on Officer Flynn's previous search and visual find

Motion to suppress evidence
and supporting memorandum         2

of a handgun and green leafy substance.  Law enforcement found an additional handgun and ammunition as well as other items of evidence. (BS 00000033-34)

### Legal Analysis

Officer Flynn's warrantless search of the car did not fall into one of the well-delineated exceptions to the search warrant requirement and all evidence seized is fruits of the original unlawful search.

**1.    Search incident to arrest**

Police may search the passenger compartment of a car incident to a recent occupant's arrest only if it "is reasonable to believe" that the arrestee might access the car at the time of the search or that the car contains evidence of the offense of arrest.  *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710 (2009).  Here, Corporal Oien waited for backup before ordering Michael Painter out of the car.  Once out of the car, Mr. Painter was arrested for attempting to elude police, handcuffed and placed on the side of the street.   It was not reasonable to believe that Mr. Painter might have access to the car at the time Officer Flynn searched it. Further, there was not probable cause that the car would contain evidence of the offense of arrest – attempting to elude police.  Thus,

Motion to suppress evidence
and supporting memorandum        3

under *Gant*, search incident to arrest is not a viable exception for Officer Flynn's search.

### 2. Automobile exception

In order to search under the automobile exception, police must have more than probable cause to stop the car. They must have probable cause to believe that contraband is actually within the car. *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769 (1996). Here, law enforcement saw Michael Painter drive through a stop sign, speed and attempt to elude police. These illegal traffic acts create probable cause to stop the car. They do not create probable cause to believe contraband is within the car. Thus, under *Whren*, the automobile exception is not a viable exception for Officer Flynn's warrantless search.

Based on the foregoing, Officer Flynn's warrantless search violated Michael Painter's Fourth Amendment right against unreasonable searches and seizures and all items seized must be suppressed as fruits of the original unlawful search.

Dated:    March 17, 2015

Respectfully Submitted,

*S/ Andrea K. George*

Andrea K. George, MN 202125
Attorneys for PAINTER
Federal Defenders of
Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Andrea_George@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: MATTHEW DUGGAN, Assistant United States Attorney.

*S/ Andrea K. George*

Andrea K. George, MN 202125
Attorneys for PAINTER
Federal Defenders of
Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Andrea_George@fd.org